IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLTON COLEMAN, # M-03859, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-234-NJR |
| ) | |
| T. SCOTT KEEN, ) | |
| and JOHN R. BALDWIN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on two motions filed by Plaintiff: a motion to reconsider the threshold merit review order (Doc. 10) and a motion for leave to file an amended complaint (Doc. 11).

Plaintiff is currently incarcerated at Robinson Correctional Center ("Robinson"). He filed this *pro se* civil rights action on January 8, 2016, in the Central District of Illinois (under Case No. 16-cv-01011). He complains that several officials at Pontiac Correctional Center ("Pontiac"), where he was previously confined, refused to provide him with a kosher diet in accordance with his religious beliefs. He raises civil rights claims pursuant to 42 U.S.C. § 1983, seeking damages for violations of his First and Fourteenth Amendment rights and requests injunctive relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The Central District screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. In an order dated March 3, 2016 (Doc. 7), United States District Judge Harold A. Baker determined that Plaintiff's claim for injunctive relief (to be provided with a kosher diet, which is still being denied him) must be transferred to this Court, because Plaintiff's current prison is located in the

judicial district for the Southern District of Illinois. Several Defendants, including Godinez (former IDOC Director), Pfister (Pontiac Warden), and Kennell (Pontiac Chaplain) were dismissed from the action.

**Motion to Reconsider (Doc. 10)**

Plaintiff filed this motion on April 25, 2016, seeking reconsideration of the merit review order of March 3, 2016 (Doc. 7). In it, he asserts that the order did not include any review of the merits of his First and Fourteenth Amendment claims against the Pontiac officials, thus the dismissal of Defendants Godinez, Pfister, and Kennell was in error.

This motion challenges the merit review order entered by Judge Baker of the Central District of Illinois. Further, the claims which Plaintiff seeks to reinstate arose in the Central District, where the dismissed Defendants are also located. For these reasons, it is appropriate that Plaintiff's motion for reconsideration be addressed by the Central District, where the original merit review was conducted. In order to facilitate the resolution of this motion, the Court shall sever the RLUIPA claim for injunctive relief into a separate action and transfer the original action containing the First and Fourteenth Amendment claims and the motion to reconsider (Doc. 10) back to the Central District.

**IT IS THEREFORE ORDERED** that Plaintiff's claim under the RLUIPA for injunctive relief (to be provided with a kosher diet at Lawrence) is administratively **SEVERED** from the original case transferred to this District from the Central District of Illinois. The severed case shall remain in this Court and shall be assigned to the undersigned Judge. In the severed case, the Clerk is **DIRECTED** to file the entire record that was received from the Central District of Illinois when the case was transferred here from C.D. Ill. Case Number 16-cv-01011. Going forward, this severed case shall be captioned as: **CARLTON COLEMAN, Plaintiff, vs.**

**DEFENDANTS T. SCOTT KEEN and JOHN R. BALDWIN, Defendants.** The Clerk shall notify Plaintiff of the new case number for this action after the severance is completed.

The Clerk is **DIRECTED** to **TRANSFER** the remainder of C.D. Ill. Case Number 16-cv-01011 back to the Central District of Illinois, in order for that court to address the pending motion to reconsider the merit review/case management order (Doc. 10).

**Motion for Leave to File Amended Complaint (Doc. 11)**

In this motion, Plaintiff states that he wishes to amend his complaint to add his current warden and chaplain as Defendants, raise certain medical claims, include a claim for denial of access to the courts, and to seek class action status. Unfortunately, however, he did not tender a proposed amended complaint along with his motion, as required by Southern District of Illinois Local Rule 15.1. He further notes that the access-to-courts claim has not yet been exhausted through the prison grievance process. An unexhausted claim may not be included in an action that was filed before the exhaustion was completed.

Plaintiff cannot amend his complaint merely by noting the proposed changes in his motion to amend. Piecemeal amendments, often referred to as "amendment by interlineation" are not permitted. *See* FED. R. CIV. P. 8(a). All claims against all defendants must be set forth in a single document. In order to add to or modify his claims, Plaintiff must submit a complete amended complaint, which will supersede and replace his original complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The amended complaint shall be subject to preliminary review pursuant to § 1915A.

Plaintiff's motion to amend (Doc. 11) is **GRANTED in part**, insofar as he shall have 35 days in which to submit a proper amended complaint. It is also **DENIED in part**, in that the motion itself is not effective to alter the original complaint. If no amended complaint is

submitted within the 35-day deadline, the Court shall order service of the original complaint (Doc. 1) on the current Defendants, and the matter shall proceed for further consideration of the RLUIPA claim for injunctive relief only.

**IT IS FURTHER ORDERED** that, if he desires to amend his complaint, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **June 27, 2016**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include the new case number that shall be assigned to the severed RLUIPA claim. If Plaintiff elects to add new claims relating to his confinement at Lawrence, he shall present each claim in a separate count. In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

Plaintiff is **ADVISED** that if the amended complaint contains claims that are unrelated to the RLUIPA claim and involve different defendants, those unrelated claims may be severed into separate action(s), for which an additional filing fee shall be assessed. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. Alternatively, if no amended complaint is filed within the time specified above, the Court shall order service of the original complaint (Doc. 1), and the RLUIPA claim shall proceed on that pleading.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**